COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:          In re Shayna (Deboise) Herring

Appellate case number:     01-14-00989-CV

Trial court case number:    2010-45732

Trial court:                          247th District Court of Harris County

On December 12, 2014, relator, Shayna (Deboise) Herring, filed a petition for writ of habeas corpus arising from a contempt proceeding. That same day, because the trial court's December 11, 2014 order had found relator in contempt of a 2011 child custody order and committed her to serve 180 days in jail on weekends starting that Friday, December 12, 2014, at 6:00 pm., this Court issued a memorandum order discharging relator upon the posting of a bond, pending consideration of the petition. *See* TEX. R. APP. P. 52.8(b)(3).

Relator's petition had named the Honorable Bonnie Crane Hellums as the respondent, then the presiding judge of the 247th District Court, in this original proceeding. However, because the Honorable John Schmude became the presiding judge of the 247th District Court on January 1, 2015, relator filed an unopposed motion to abate this proceeding to permit the respondent's successor to reconsider the challenged order.

Pursuant to Texas Rule of Appellate Procedure 7.2, the Clerk of this Court is directed to substitute Judge Schmude as the respondent. *See* TEX. R. APP. P. 7.2(a). Further, relator's motion is **granted**, and this original proceeding is abated and remanded to the trial court to allow Judge Schmude to reconsider the order made the basis of this habeas petition. *See* TEX. R. APP. P. 7.2(b).

The Court orders the trial court clerk to file, **within 30 days of the date of this order** or, if the trial court schedules a hearing, within 30 days of the date of that hearing, a supplemental clerk's record with a copy of the successor's order on reconsideration with the Clerk of this Court. This case is abated, treated as a closed case, and removed from this court's active docket. This original proceeding will be reinstated on this court's active docket when a supplemental clerk's record with a copy of the trial court's order on

reconsideration, and a supplemental reporter's record if a hearing is held, are filed in this court. The court will also consider an appropriate motion to reinstate the original proceeding filed by either party.

The December 12, 2014 memorandum order in this case remains stayed. *See* TEX. R. APP. P. 52.10(b). This stay is effective until the case in this Court is finally decided or the Court otherwise orders the stay lifted.

It is so ORDERED.


Judge's signature:  /s/ <u>Laura C. Higley</u>
⊠  Acting individually

Date:  March 3, 2015

2